# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RODNEY CLARK<br><br>Plaintiff,<br><br>vs.<br><br>REPUBLIC BANK & TRUST COMPANY<br><br>Defendant. | Case No.: 3:19-cv-2892<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227, et seq.**<br><br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Rodney Clark ("Mr. Clark"), through his attorneys, allege the following against Republic Bank & Trust Company, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the common law tort Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or

otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of Ohio and Defendant is a citizen of Kentucky) and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District while Plaintiff traveled to Marion county.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff Rodney Clark is a consumer residing in the County of Delaware, State of Ohio.

8. Defendant is a financial institution with its principal place of business located in Louisville, Kentucky. Defendant can be served with process at its registered agent Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around September 2018, Defendant began placing calls to Mr. Clark's cellular phone number (xxx) xxx-5942 in an attempt to collect an alleged debt.

11. The calls placed by Defendant mainly originated from (800) 662-5386 and (866) 612-1406.

12. Upon information and belief, Defendant, or its agents, own and operate these phone numbers.

13. In or around September 2018, Mr. Clark answered a call from (866) 612-1406 and heard a short pause before a representative spoke, indicating the use of an automatic dialer. The representative informed Mr. Clark that Defendant was attempting to collect an alleged debt.

14. During the call, Mr. Clark unequivocally revoked consent to be called any further.

15. Despite Plaintiff's request not to be contacted, Defendant continued to call Mr. Clark on his cellular phone almost daily, and frequently multiple times per day.

16. Just a few weeks later, Mr. Clark called Defendant at (866) 612-1406. During this call, Mr. Clark again told Defendant to never call his cellular phone again. However, Defendant again ignored Plaintiff's request and continued its incessant calls to his cellular phone.

17. Just a few days later, Mr. Clark again called Defendant at (800) 662-5386 and again unequivocally revoked consent to be called on his cellular phone. Nevertheless, the incessant calls from Defendant continued.

18. On October 10, 2018 at 9:46 a.m., in response to constant phone calls from Defendant, Mr. Clark called Defendant a requested yet again that they stop calling him. Defendant called Plaintiff two more times that same day.

19. Between September and December 2018, Defendant contacted Mr. Clark on his cellular phone approximately Three Hundred (300) times, all *after* he revoked consent to be called.

20. Defendant's persistent calls were very unsettling and emotionally stressful to Mr. Clark, who has kidney failure and is on total disability.

21. Defendant's conduct was willful and done with the intention of harassing Plaintiff and causing distress, so as to induce him to pay the alleged debt.

22. Defendant's conduct caused Mr. Clark to suffer from stress, frustration, anxiety, and embarrassment.

23. Defendant's conduct also harmed Plaintiff by wasting his time and preventing other calls to his cellular phone.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

25. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant

knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violations of Ohio's Invasion of Privacy)**

28. Plaintiff incorporates by reference paragraphs One (1) through twenty-four (24) of this Complaint as though fully stated herein.

29. Ohio has adopted the Restatement (Second) of Torts, § 652, which provides that: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restat. 2d of Torts, § 652B (2nd 1979).

30. Ohio has determined that intrusion includes the making of persistent and unwanted telephone calls. See *Clark v. Clark, 2005-Ohio-5252 (Ohio Ct. App. 2005)*.

31. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff frequently received multiple calls a day to his cellular phone, after revoking consent several times.

    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants violated the TCPA;

    B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    C. Actual and punitive damages resulting from the invasion of privacy;

    D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: December 13, 2019

By:/s/David A Chami
David A. Chami
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorney for Plaintiff*
*Rodney Clark*